DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARIE R. ALEXANDRE,**
Appellant,

v.

**SCRIBNER VILLAGE HOMEOWNERS ASSOCIATION, INC., UNKNOWN SPOUSE OF MARIE R. ALEXANDRE, UNKNOWN TENANT IN POSSESSION #1** and **UNKNOWN TENANT IN POSSESSION #2,**
Appellees.

No. 4D15-1514

[March 30, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 502014CA008370XXXXMB.

James Jean-Francois of Law Offices of James Jean-Francois, P.A., Hollywood, for appellant.

No appearance for appellee.

DAMOORGIAN, J.

Marie Alexandre appeals the order denying her motion to stay the clerk's issuance of a writ of possession and/or to set aside a foreclosure sale following the entry of final judgment in a foreclosure action. We reverse.

Scribner Village Homeowners Association (the "HOA") obtained a final judgment of foreclosure against Appellant on its lien for unpaid assessments. The judgment set Appellant's property for a public sale. Before the sale was set to occur, Appellant filed a suggestion of bankruptcy in the circuit court reflecting that Appellant filed a petition for Chapter 11 bankruptcy in the federal bankruptcy court. The suggestion stated that by virtue of her petition, "this action has been stayed by the operation of 11 U.S.C. Section 362." Despite Appellant's filing, the sale proceeded and the clerk of court issued a certificate of sale to HOA as the highest bidder as well as a certificate of title. Following the HOA's request for a writ of possession, Appellant filed a motion asking the court to stay any issuance

of a writ of possession and set aside the final judgment of foreclosure and certificate of title. The trial court denied Appellant's motion. This appeal follows.

"The filing of a bankruptcy petition automatically stays the commencement or continuation of an action against the debtor's property." *In re Clarke*, 373 B.R. 769, 771 (Bankr. S.D. Fla. 2006) (citing 11 U.S.C. § 362(a)). Accordingly, it is error for a court to enforce a judgment of foreclosure on property owned by the debtor when an automatic stay is in place. *Heritage Family Pub, Inc. v. First Fed. Sav. and Loan Ass'n of Clearwater*, 315 So. 2d 558, 559 (Fla. 2d DCA 1975) (holding that trial court erred in denying defendant's motion to vacate foreclosure sale and cancel certificate of sale when sale was conducted after the defendant filed a petition for bankruptcy thus creating an automatic stay prior to the sale). As Appellant filed a petition for bankruptcy before the foreclosure sale, the sale should not have proceeded until the stay was lifted. *Id.*; 11 U.S.C. § 362(a). Accordingly, the trial court erred in denying Appellant's motion to set aside the sale and everything that flowed from it.

*Reversed and remanded.*

MAY and GERBER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***